UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2 PRESTON CREED-BOEHM,

    Defendant.

CASE NO: 23-cr-20652

F. KAY BEHM
United States District Judge

CURTIS IVY, JR.
United States Magistrate Judge

_____

**ORDER FOR COMPETENCY EXAMINATION
UNDER 18 U.S.C. §§ 4241-4247**
_____

The Government has moved for a competency evaluation of Defendant Preston Creed-Boehm under the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247.  ECF No. 73.  Mr. Creed-Boehm does not oppose his undergoing a competency evaluation in general, but opposed the Government's Motion as far as the Government asked this Court to require the evaluation be done by the Federal Bureau of Prisons (BOP), which would entail an examination in another state. ECF No. 78.  Creed-Boehm instead suggests an alternative: an evaluation by a neuropsychologist of his choosing, who he avers is available to evaluate him in the state of Michigan.  *Id.*  The Government, in Reply, does not object to the Court ordering a

competency evaluation conducted in-state per defendant's request, so long as the examination is at defendant's expense, that the evaluation is limited solely to the competency issue, and that it adheres to the requirements of 18 U.S.C. §§ 4241-4247. ECF No. 84.

This motion is before the court because arguments were raised during several recent proceedings regarding the potential that Mr. Creed-Boehm suffers reduced mental capabilities because of a traumatic brain injury, the extent of the effect of his brain injury on him, and the level of his current mental capacity. *See* ECF No. 19, 62, 66, 72 (transcripts of various detention and motion hearings). Defense counsel has alleged that Creed-Boehm has "neurological defects" from his brain injury that "make him extremely vulnerable to exploitation and seriously inhibit his exercise of reasonable judgment without the necessary interventions." ECF No. 61, PageID.568. Creed-Boehm is also under a state-ordered conservatorship and guardianship. ECF No. 19, PageID.151. Having reviewed the motion, response, and reply briefs, the court finds that there is reasonable cause to believe that the defendant, Preston Creed-Boehm, may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial under 18 U.S.C. §§ 4241-4247. Under these circumstances, the

2

Court will therefore order a competency evaluation to determine whether any diminished capacity suffered by Creed-Boehm rises to the level of legal incompetency to stand trial.

Accordingly, it is hereby ORDERED, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c), that:

1) Defendant be examined, at Defendant's expense, by Emily Escott, PsyD, LP, of Essential Neuropsychology Consultants, at the soonest mutually convenient time, for the purpose of determining Defendant's competency to stand trial;

2) the examination described in (1) shall be completed within 30 days of this order being filed, but if the examination in (1) is not completed within 30 days, then it is FURTHER OTHERED that:

(a) instead of the procedure described in (1), a psychiatrist or psychologist employed by the United States shall be appointed, authorized, and directed to examine the mental condition of defendant, *see* 18 U.S.C. §§ 4241(a) and (b), and 4247(b);

(b) the Bureau of Prisons shall designate a suitable facility for such psychiatric or psychological examination, which is closest to the Eastern District of Michigan, unless that is impracticable, *see id*. § 4247(b);

(c) the Bureau of Prisons shall inform the Assistant U.S. Attorney once the defendant has been designated to a suitable facility under 2(b), at which time the court will enter a separate order to transport the defendant to that facility;

(3) the examining psychiatrist or psychologist shall prepare, if examining under (1) or if under (2), as soon as practicable, a written report, which will include:

    a. Defendant's history and present symptoms, if any;

    b. a description of the psychiatric, psychological or medical tests that were employed and their results;

    c. the examiner's names, their findings as to competency to proceed, and the examiner's opinions as to diagnosis and prognosis; and

    d. a determination as to whether Defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(4) the report be submitted to this court, with copies provided to counsel for defendant and the government, so that a hearing may be

conducted pursuant to 18 U.S.C. § 4247(d) to determine Defendant's competency to stand trial, though the report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose relating to the defendant or this case;

(5) the examining psychiatrist or psychologist shall produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created, or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(6) the court will hold a status conference with the attorneys for both parties on Thursday, October 24, 2024, at 11:00AM, by Microsoft Teams; and

(7) the period beginning with the government's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the court, after the court and parties receive the examiner's written report, shall be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A), and the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days,

whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**SO ORDERED**.


Dated: September 17, 2024          <u>s/F. Kay Behm</u>
                                   F. Kay Behm
                                   United States District Judge

6